UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CENTERBOARD SECURITIES, LLC,

                      *Plaintiff,*

   *-against-*

BENEFUEL, INC.,

                      *Defendant.*

-----------------------------------------------------------X

15 Civ. 00071 (PAC)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-3-15

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Centerboard Securities, LLC ("Centerboard") alleges that Defendant Benefuel,
Inc. ("Benefuel") has refused to pay approximately $2.24 million owed pursuant to a contract
between the parties for Centerboard's services in assisting Benefuel with raising funds for its
project.  Benefuel removed the complaint from New York State Supreme Court and now moves
to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for lack of personal
jurisdiction and improper venue, or in the alternative, to transfer the action to the Northern
District of Texas pursuant to 28 U.S.C. § 1404(a) or § 1406(a).  For the following reasons, the
Court determines that it lacks personal jurisdiction over Benefuel and transfers the case to the
Northern District of Texas.

## BACKGROUND[1]

Centerboard, a FINRA-registered broker-dealer, is a Delaware company with its principal place of business in New York. Compl. ¶¶ 1, 3. Benefuel, an alternative energy company, is a Delaware corporation with its principal place of business in Irving, Texas. *Id.* ¶¶ 2, 4. The parties are in a bona fide dispute concerning the amount of work fees and "success fees" earned by Centerboard for its efforts in raising equity and debt funds for Benefuel. The focus of the dispute is whether a fee was earned on an additional investment from a pre-existing investor. *Id.* ¶¶ 37-52.

Centerboard alleges that Benefuel's refusal to pay constitutes an anticipatory breach of the Agreement. *Id.* ¶ 50. Centerboard alleges breach of contract or, in the alternative, unjust enrichment and quantum meruit. *Id.* ¶¶ 53-74.

Centerboard filed its complaint on December 5, 2014 in the Supreme Court of the State of New York. *See* Notice of Removal, Dkt. 1, Ex. A. On December 8, 2014, Benefuel filed a declaratory judgment action against Centerboard in Texas state court. *See* Pl. Mem., Ex. D. Benefuel removed this suit to federal court on January 7, 2015, *see* Notice of Removal, and Centerboard removed the Texas state suit to the U.S. District Court for the Northern District of Texas on January 20, 2015, Def. Mem., Ex. A.

---

[1] For purposes of deciding this motion, the Court accepts as true the allegations in Centerboard's complaint. *See 7 West 57th St. Realty Co. v. Citigroup, Inc.*, 2015 WL 1514539, at *1 n.1 (S.D.N.Y. Mar. 31, 2015).

## DISCUSSION

### I.     Applicable Law

The Court will grant a motion to dismiss under Fed. R. Civ. P. 12(b)(2) when it lacks

personal jurisdiction over the moving party, and the plaintiff bears the burden of establishing

jurisdiction. *See In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

Where a plaintiff is challenged on personal jurisdiction prior to discovery, the plaintiff may

defeat the motion simply by making a *prima facie* demonstration of jurisdiction based on

"legally sufficient allegations of jurisdiction." *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,

722 F.3d 81, 83-85 (2d Cir. 2013) (citations omitted).   Personal jurisdiction is authorized by "the

long-arm statute of the forum state" and limited by "the requisites of due process." *Whitaker v.

Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (citations and internal quotation marks

omitted); *accord In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 37-38 (2d Cir.

2014).

The Court must also dismiss a complaint where venue is improper.   Fed. R. Civ. P.

12(b)(3); *see also* 28 U.S.C. § 1391.   The plaintiff again bears the burden of demonstrating that

venue is proper, *Cartier v. Micha, Inc.*, 2007 WL 1187188, at \*2 (S.D.N.Y. Apr. 20, 2007), but

need only make a *prima facie* showing of venue, *see Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353,

355 (2d Cir. 2005).   Plaintiffs' allegations must be taken as true when uncontroverted by

defendant's affidavits. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).

Where venue is improper, it is within the Court's discretion to dismiss the case or transfer

it to a proper venue. *See Spiciarich v. Mexican Radio Corp.*, 2015 WL 4191532, at \*3 (S.D.N.Y.

July 10, 2015) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)); *see also* 28

U.S.C. § 1406(a). Even where venue is proper, the Court may transfer a case "to any other district or division where [the suit] might have been brought," "[f]or the convenience of the parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a).

## II. Analysis

### A. Personal Jurisdiction

Benefuel moves to dismiss the complaint for lack of personal jurisdiction, arguing that New York's long-arm statute does not confer jurisdiction because Benefuel did not "transact business" in New York, and the exercise of personal jurisdiction over Benefuel would offend due process. Def. Mem. at 4-12. The Court agrees.

New York's long-arm statute holds that a court "'may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state,' so long as the plaintiff's 'cause of action aris[es] from' that 'transact[ion].'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (alterations in original) (quoting N.Y. C.P.L.R. § 302(a)). Centerboard alleges that long-arm jurisdiction exists because Benefuel contacted Centerboard at its office in New York; Benefuel sent materials to Centerboard's office in New York; Centerboard representatives had meetings in New York at Benefuel's direction; Centerboard made hundreds of inquiries from its New York office at Benefuel's direction; Centerboard had at least 23 conference calls with Benefuel from Centerboard's New York office; Benefuel's representatives visited New York and met with Centerboard's representatives on one occasion; and Centerboard accepted payment for its services performed under the Agreement in New York. Pl. Mem. at 5-7.

4

But these arguments are inappropriately focused on Centerboard's own activities in New

York and not Benefuel's. *See Lamco Grp., Inc. v. Universal Life Ins. Co.*, 903 F. Supp. 612, 613

(S.D.N.Y. 1995) (no personal jurisdiction where defendants had no offices, mailing address,

property, or bank account in New York, came to New York for one visit, and "plaintiff's claim

of jurisdiction boiled down to the assertion that its own activities within New York on

defendant's behalf were sufficient to subject defendant to the jurisdiction of New York courts").

Like defendants in *Lamco*, Benefuel has no office, employees, property, or bank accounts in

New York, Def. Mem. at 5, and the only activities Benefuel performed with a direct connection

to New York are a single meeting in New York and payment to Centerboard's offices in New

York. This is insufficient to confer personal jurisdiction. Compl. ¶ 29. The agreement was not

executed in New York; nothing in the contract required Centerboard to perform in New York;

and Benefuel spent a de minimis amount of time in New York. *See, e.g.*, *Three Five*

*Compounds, Inc. v. Scram Techs., Inc.*, 2011 WL 5838697, at \*4 (S.D.N.Y. Nov. 21, 2011) ("In

order for meetings in New York which are subsequent to the formation of the contractual

relationship to confer jurisdiction, the meetings must be essential to the business relationship or

at least substantially advance it.") (citation and internal quotation marks omitted). Here, the

meetings that took place in New York involved only "information regarding potential debt

providers and investors contacted by Centerboard," and introductions to these investors. Compl.

¶ 29. These do not constitute meetings essential to the relationship.

Centerboard argues that courts have "consistently held that a single transaction (such as

Benefuel's Agreement with Centerboard) is sufficient to establish personal jurisdiction over a

party under Section 302(a)(1)," and cites three actions by Benefuel that it argues are sufficient to

confer jurisdiction: (a) negotiating and contracting with a broker-dealer located in New York; (b)

5

"having virtually all of the contract performed by the broker-dealer in New York, and (c) causing over \$2 million in damage to the New York broker-dealer by refusing to pay amounts due under the contract." Pl. Mem. at 7-8.  None of these are sufficient to confer jurisdiction. *See, e.g.*, *Lamco*, 903 F. Supp. at 613-14; *PaineWebber Inc. v. WHV, Inc.*, 1995 WL 296398, at *4 (S.D.N.Y. May 16, 1995) (negotiations over the phone with New York office, execution, signing, and performance of contract in New York, and three meetings in New York insufficient to confer jurisdiction). "[T]hat one transaction can be enough does not mean that one contact is always enough." *Three Five Compounds*, 2011 WL 5838697, at *4 (S.D.N.Y. Nov. 21, 2011). The cases cited by Centerboard all discuss single acts that were far more substantial and significant to the action than those at issue here, for example the lengthy negotiation of the relevant contract, or the sale of infringing goods. *See* Pl. Mem. at 7, Reply at 3-4 n.4. Here, the limited New York activities Benefuel engaged in were insignificant to the parties' relationship and bore little connection to any alleged breach. *PaineWebber Inc. v. WHV, Inc.*, 1995 WL 296398, at *4 (S.D.N.Y. May 16, 1995) ("When the defendant contracts for services to be performed in New York but does not seek out a New York forum and connections with New York, . . . it may not, without more, be subjected to personal jurisdiction.").

To find that Benefuel transacted business in New York, "it must be shown that [Benefuel] purposely availed [itself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104-105 (2d Cir. 2006) (citations, internal quotation marks, and alterations omitted). Centerboard has failed to make a *prima facie* showing that Benefuel did so here. Because Benefuel did not transact business in New York, the Court lacks personal jurisdiction over Benefuel.

6

**B. Transfer to the Northern District of Texas**

"When a district court concludes that it lacks personal jurisdiction over the defendant, it may transfer the action to another district court under 28 U.S.C. § 1406(a) if it concludes that doing so would be in the interest of justice." *DH Servs., LLC v. Positive Impact, Inc.*, 2014 WL 496875, at \*16 (S.D.N.Y. Feb. 5, 2014) (citation and internal quotation marks omitted). Transfer here is appropriate because venue and jurisdiction are likely proper in the Northern District of Texas, and "'a peek at the merits'" reveals that Centerboard's claim is not a "'sure loser in the court that has jurisdiction.'" *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005) (quoting *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999)). To dismiss the case merely for Centerboard to refile it in the Northern District of Texas "seems both cumbersome and unnecessary," *Facchetti v. Bridgewater Coll.*, 2015 WL 3763970, at \*3 (S.D.N.Y. June 16, 2015), and transfer "would allow the parties to continue to move this action towards resolution," *Am. Motorists Ins. Co. v. Roller Bearing Co. of Am., Inc.*, 2001 WL 170658, at \*6 (S.D.N.Y. Feb. 21, 2001). The decision to transfer is further supported by the pending declaratory judgment action filed by Benefuel in that district. *See DH Servs.*, 2014 WL 496875, at \*17 ("The existence of a pending action, arising from essentially identical facts, is another factor that weighs strongly in favor of transfer."). Accordingly, the motion to transfer is granted.[2]

---

[2] Centerboard's arguments against transfer address only why transfer under 28 U.S.C. § 1404(a) would be improper. *See* Pl. Mem. at 12-18. Because the Court lacks personal jurisdiction over Benefuel and so transfers the case under 28 U.S.C. § 1406(a), these arguments are inapplicable.

7

## CONCLUSION

For the foregoing reasons, the Court lacks personal jurisdiction over Benefuel and grants

Benefuel's motion to transfer.  The Clerk of the Court is directed to close the motion at Docket

14 and to transfer the case to the Northern District of Texas.

Dated: New York, New York                     SO ORDERED
      August 3, 2015

                                            PAUL A. CROTTY
                                            United States District Judge